# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

(Filed: October 9, 2020)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| MARKITTA SIMMONS, | * | |
| a/n/f of S.S. | * | |
| | * | UNPUBLISHED |
| | * | No. 19-1140V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

William B. Hicky, Nashville, TN, for petitioner.
James V. Lopez, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 6, 2019, Markitta Simmons ("petitioner"), on behalf of her minor child S.S., filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program") alleging that S.S. suffered encephalopathy as a result of diphtheria-tetanus-acellular pertussis ("DTaP") vaccination administered on October 20, 2017. (Petition at 1). On May 5, 2020, petitioner filed a motion requesting Court dismiss the petition, which the undersigned adopted as her decision dismissing the petition on the same day. (ECF No. 29).

On June 13, 2020, petitioner filed an application for attorneys' fees and costs.  Motion for Attorney Fees and Costs (ECF No. 34).  Petitioner requests compensation in the amount of $16,808.13, representing $16,308.00 in attorneys' fees and $500.13 in attorneys' costs. Fees App. Ex. 1 and Ex. 2 at 4. Pursuant to General Order No. 9, petitioner states she have not

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

incurred any costs related to the prosecution of her petition. (ECF No. 35). Respondent filed his response on June 17, 2020 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 36). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $15,637.81.

### I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, although the petition was eventually dismissed, the undersigned does not doubt that it was brought in good faith and finds that there was a reasonable basis to file it. Respondent also has not challenged the reasonable basis of the petition. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs.

#### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl.

719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the hourly rate of $360 for her counsel, William Hicky, for all time billed between 2019 - 2020. Fees App. Ex. 4 at 3. Mr. Hicky was previously awarded the hourly rate of $334.56 for time billed in 2019. *Newcomer. v. Sec'y of Health & Human Servs.,* No. 18-388V, 2019 WL 7580131, December 11, 2019. I will reduce Mr. Hicky's time billed to the previously awarded rate, which results in a reduction of $702.14. The rest of the requested rates are reasonable and consistent with what counsel has previously been awarded for Vaccine Program work.

### ii. Reasonable Hours Expended

Petitioner requests compensation for 45.3 total hours billed by Mr. Hicky. Fees App. Ex. 2 at 4. Petitioner has submitted adequate billing logs listing the date, amount of time, and the nature of each task. The only reduction the undersigned finds necessary is for time spent performing paralegal tasks, specifically involving medical records requests and a significant amount of time faxing correspondence. Based on the hours billed for these tasks, the undersigned finds that a three percent overall reduction to the award of attorney's fees is appropriate. This results in a reduction of $468.18. Petitioner is thus awarded final attorney's fees of $15,137.68.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $500.13 in costs for acquiring medical records, the Court's filing fee, and postage. These costs are typical of Vaccine Program litigation and the undersigned finds them to be reasonable.[2]

### II. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned hereby awards **a lump sum of $15,637.81, representing**

---

[2] The undersigned notes that petitioner has failed to provide documentation of some of his costs. Due to the relatively small amount of these costs (a total of $100.13 comprised of copies of medical records and postage) and the reasonableness of the amount, the undersigned shall award this amount. However, counsel is cautioned in the future that such costs must be supported with documentation, and that failure to provide such documentation may result in those costs going unreimbursed. See OSM Attorneys' Fees and Costs Information, available at: http://www.cofc.uscourts.gov/node/3204.

**reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and Mr. William Hicky, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.